IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ENTERGY OPERATIONS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| UNITED GOVERNMENT SECURITY | * | No. 4:15-cv-00231-JJV |
| OFFICERS OF AMERICA | * | |
| INTERNATIONAL UNION and UNITED | * | |
| GOVERNMENT SECURITY OFFICERS | * | |
| OF AMERICA LOCAL 23, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

This is an action challenging the arbitration award arising from a labor dispute. After an arbitrator ruled in favor of employee Michael Phillips, Plaintiff Entergy Operations, Inc. (Entergy) initiated this action, arguing that the arbitrator exceeded his authority and violated public policy. (Doc. No. 17.) Defendants filed a cross Motion for Summary Judgment seeking dismissal of Entergy's claims for relief. (Doc. No. 20.) For the reasons set forth below, I will grant Defendants' Motion for Summary judgment, deny Plaintiff's Motion for Summary Judgment, and confirm the Arbitration Award.

**I.   BACKGROUND**[1]

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the parties' respective briefs and are not in serious dispute. Therefore, they will only be briefly recited.

---

[1] Not to make light of this matter, but this is a dispute over facial hair. And despite my poor record deciding facial hair disputes, see *Holt v. Hobbs*, __ U.S. __, 135 S.Ct. 853 (2015), the parties consented to me performing judicial review of this labor-arbitration decision. (Doc. No. 7.)

Mr. Phillips is a security employee at Entergy's Arkansas Nuclear One in Russellville, Arkansas. Entergy is bound by the rules and regulations promulgated by the Nuclear Regulatory Commission (NRC). For obvious reasons, the NRC requires Entergy to maintain security forces and these forces are required to meet strict federal standards. At the heart of this dispute is the requirement that security personnel, like Mr. Phillips, be able to quickly don a respirator and perform the necessary security functions while wearing the respirator. To function, the respirator must properly seal around the security person's face. Security personnel are required to undergo annual "fit-testing" to ensure their respirator fits and functions properly. To ensure the mask functions properly, the regulations preclude security personnel from growing facial hair that would prevent the mask from sealing.

Typically security personnel are provided advanced warning of their "fit-testing." However, on November 13, 2012, without advance warning, Mr. Phillips was ordered to undergo testing. On that day, Mr. Phillips was seen wearing a "full goatee" causing concern with security forces management. Mr. Phillips reported as ordered but, given the conspicuous facial hair, the testing instructor refused to perform the test.

A week later, Mr. Phillips was diagnosed with chronic folliculitis. Entergy relieved Phillips of his duties and later terminated him. Entergy fired Mr. Phillips stating there was no alternative solution to address his medical condition while still complying with the NRC security personnel regulations.

On February 4, 2013, the United Government Security Officers of America International Union (Union) filed a grievance challenging Entergy's termination of Michael Phillips without just cause and in violation of the collective bargaining agreement between the parties. The Union sought reinstatement of Mr. Phillips to his former position and to make him "whole" for his losses. The

grievance process went according to the collective bargaining agreement, and an arbitration hearing was held before Robert F. Curtis on January 8, 2015. On March 20, 2015, Arbitrator Curtis issued a written decision in favor or Mr. Phillips. He concluded Mr. Phillips should "be reinstated to his former position with all wages, benefits and seniority to which he would have been entitled." (Doc. No. 17-3, p. 36.) He further found that, after Mr. Phillips successfully completed respirator fit-testing and the Arkansas Nuclear One Tactical Qualification Course, Entergy would be required to review Mr. Phillips' diagnosed medical condition and provide him an acceptable respirator or reasonable accommodation based on his medical condition. *Id.*

## II.   STANDARD OF REVIEW

Both sides agree that judicial review of this labor arbitration decision is "very narrow and very deferential." *JCI Communications, Inc. v. IBEW, Local, 103,* 324 F.3d 42, 48 (1st Cir. 2003.) In fact, a court may overturn an arbitrator's decision "only in rare circumstances." *Id.* Entergy believes the decision must be overturned because the arbitrator exceeded his power and authority and his decision violates public policy – both valid reasons to overturn an arbitration decision.

## III.   ANALYSIS

In its opening salvo, Entergy states, "Phillips, due to a facial skin condition, could not shave his beard sufficiently often and, thus, could not wear a respirator with a tight fit or seal to his face. . . ." (Doc. No. 17-1 at 1.) This is the basis for Entergy's argument that the arbitration decision violates public policy. But Entergy has no facts to support their contention that Mr. Phillips could not properly wear a respirator. The arbitrator rightly concluded Entergy "refused to provide empirical tests by the application of the mask to [Phillips] face to determine whether or not it would contain and retain a suitable seal." (Doc. No. 17-3 at 28.) He went on to say, "A fit-test at this juncture would have provided conclusive evidence that [Phillips] could or could not achieve a

3

positive seal on his mask." *Id.* Whether or not Mr. Phillips can properly wear his respirator is crucial to the Arbitrator's decision and crucial to this review. So without some evidence to show Mr. Phillips's medical condition prevents him from properly wearing his respirator, I an unable to rule in Entergy's favor.

I do not take lightly the NRC regulations and their support of security operations of Arkansas Nuclear One. Entergy's counsel makes strong arguments that, if supported by the facts, I would have no choice but to rule for Entergy. However, Entergy failed to follow through with conclusive "fit-testing" and Mr. Phillips was not given an opportunity to cure any deficiency. Because Entergy never tested Mr. Phillips, I cannot conclude any regulatory violation exists.

The regulations recited by Entergy hinge on the existence of some interference from the facial hair. For example, 10 CFR § 20.1703(h) says Entergy shall ensure no facial hair interferes with the face-facepiece seal or valve function. On its face, 29 CFR § 1910.134(g) is concerned with "facepiece seal leakage." It says Entergy shall not permit facial hair that comes between the sealing surface of the facepiece and the face or interferes with the valve function or any condition that interferes with this seal or function. While the mask might not have functioned properly on November 13, 2012, there is no evidence to support this conclusion. And it appears that Mr. Phillips may have been able to make some modifications to his facial hair, leaving even greater questions about alternatives that could have been employed.

I note Entergy's strongest argument is with NRC Regulation Guide § 8.15 that seems to prohibit all facial hair "in the face-to-facepiece seal area of a tight fitting respirator." But the regulations are all clearly designed to prohibit facial hair *interfering with a proper seal to the face*. Here, there are no facts to support a conclusion that the mask would not seal properly.

Additionally, as the arbitrator determined, Entergy failed to evaluate whether Mr. Phillips

could be placed in any alternative locations as a reasonable accommodation for his condition. He correctly concluded, "The record is void of any effort by [Entergy] to consider the option of assigning [Phillips], on an ongoing basis, to a specific Post that does not carry the respirator use requirement or to rotate assignments between Posts that do not carry the respirator use requirement." (Doc. No. 17-3 at 26.) I am loathe to meddle with the management decisions of the very capable Entergy supervisors, but I have to agree with the Arbitrator on this point.

So, after careful review of the arbitration decision and the respective summary judgment motions, I conclude the Arbitrator did not violate public policy and did not exceed his powers and authority under the collective bargaining agreement. I take very seriously Entergy's position in this matter and understand the very heavy burden they carry with ensuring security of Arkansas Nuclear One. However, I do not find fault with the Arbitrator's decision and the matter must be decided in favor of Defendants.

### IV.   CONCLUSION

1. Defendants' Motion for Summary Judgment is GRANTED. (Doc. No. 20.)
2. Plaintiff's Motion for Summary Judgment is DENIED. (Doc. No. 17.)
3. The Complaint (Doc. No. 1) is DISMISSED with prejudice.

IT IS SO ORDERED this 8th day of January, 2016.

JOE J. VOLPE
UNITED STATES DISTRICT JUDGE